**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, CHRIS ORTIZ, and TROY-WALKER ENTERPRISES, LLC d/b/a STERLING JET AVIATION on behalf of themselves and all other persons similarly situated, | § § § § § § | |
| | § | CIVIL ACTION NO. _____ |
| *Plaintiffs*, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| RENATO VENTURINI, MARCELA WHITE, and TAVAERO JET CHARTER CORPORATION, | § § § § | |
| *Defendants*. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Javier Rodriguez, Chris Ortiz, and Troy-Walker Enterprises, LLC d/b/a Sterling Jet Aviation ("Sterling") bring this action against Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation (collectively "Defendants") and allege as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiffs provide pilot services as it relates to two aircraft — a Hawker 800XP (the "Hawker"), and a Bombardier Challenger 605 (the "Challenger"). Both are owned and registered by Volpe Aviation, LLC ("Volpe"), a non-party to this dispute. Plaintiffs provide pilot services to Volpe directly as it relates to non-chartered flights on those aircraft, i.e., flights governed by Federal Aviation Regulation ("FAR") Part 91. *See* 14 C.F.R. § 91. However, for chartered flights also governed by FAR Part 135, up until May 28, 2017, Sterling provided pilot services to Volpe through Tavaero Jet Charter Corporation ("Tavaero"), who had a FAR Part 135 On-Demand Air Carrier Certificate and added the above aircraft to it so that Volpe and

Sterling could charter flights on those airplanes. *See* 14 C.F.R. § 135.

2.  In compliance with FAR Part 135, Volpe entered a Dry Lease with Tavaero and entered a Pilot Services contract with Sterling for each of the aircraft. Javier Rodriguez ("Mr. Rodriguez") and Chris Ortiz ("Mr. Ortiz") are each Sterling pilots, and flew these two aircraft on numerous flights—some non-chartered flights governed only by the direct contracts between Sterling and Volpe and some chartered flights governed by Volpe's Dry Leases with Tavaero.

3.  Through the course of providing pilot services for these chartered flights, Sterling, Mr. Rodriguez, and Mr. Ortiz came to know and work with Tavaero and its owners, Renato Venturini ("Mr. Venturini") and Marcela White ("Ms. White"). In fact, Tavaero hired Mr. Rodriguez and Mr. Ortiz for roles unrelated to providing pilot services for Volpe.

4.  Tavaero hired Mr. Ortiz to be the Director of Operations for all of its flight operations. In that capacity, he wrote the company's training and general operating manuals and then applied for and obtained their FAA approval. As Director of Operations, he was also on call twenty four hours per day, seven days per week to address flight issues and regulatory compliance relating to aircraft, personnel matters, and general operations. Mr. Ortiz received no benefits and was never paid overtime for the weeks he worked over 40 hours.

5.  Tavaero hired Mr. Rodriguez to be the Assistant Chief Pilot for Tavaero. Despite its name, the job description consisted of non-flying work. Like Mr. Ortiz, he was also on call responding to other Tavaero employees twenty four hours per day, seven days per week. He was responsible for filling out Federal Aviation Administration ("FAA") form A031 audits for training facilities, and training pilots in compliance with the FAA using both traditional and virtual flight methods. Mr. Rodriguez averaged between 30-60 hours per week undertaking these

non-flying responsibilities for Tavaero, and was only paid a paltry annual lump sum of $10,000—an average hourly wage of $4.44. Mr. Rodriguez received no benefits and was never paid overtime for the weeks he worked over 40 hours.

6. At the end of May 2017, Tavaero, through Ms. White, terminated Mr. Rodriguez and Mr. Ortiz in their employment capacities. Ms. White also removed the Hawker and the Challenger from Tavaero's Part 135 certificate and cancelled the aircraft's insurance. Bitter and hostile correspondence from Ms. White and Mr. Venturini in and around this time reveal unsubstantiated and untrue accusations regarding the Plaintiffs' conduct that form Defendants' purported basis for Plaintiffs' termination. As a matter of fact, Plaintiffs' termination was baseless. However, Plaintiffs simply want to be paid for the work they have performed and to move on with their careers.

7. As detailed more fully below, Mr. Rodriguez is entitled to minimum wage and overtime for the work he performed as Assistant Chief Pilot for Tavaero. Mr. Ortiz is also entitled to overtime. Both are entitled to their last paycheck, which Ms. White intentionally withheld. Also, Sterling was never paid for pilot and other services it performed directly for Tavaero.

**NATURE OF ACTION**

8. This is an action arising under the Fair Labor Standards Act ("FLSA"), as well as breach of contract and quantum meruit. It is brought to recover unpaid wages and compensation for work performed, liquidated damages, and attorneys' fees & expenses owed to Plaintiffs and all other persons similarly situated, who acted as employees for Tavaero Jet Charter Corp, as well as Renato Venturini and Marcela White individually.

9. This case implicates Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation's longstanding policy of misclassifying Javier Rodriguez and Chris Ortiz as independent contractors, as well as their failure to compensate those employees as required by the terms of their contractual arrangements and the law.

10. In the case of Javier Rodriguez, he was paid a mere $10,000 annually in exchange for 30-60 hours per week of work. At this rate of compensation, his actual hourly wage was $4.44, well less than $7.25 per hour required by law. *See* 29 U.S.C. § 206.

11. In the case of Chris Ortiz, Marcela White willfully withheld his last paycheck of $2300. (Exhibit A). She also willfully withheld Javier Rodriguez last paycheck in the amount of $416.67.

12. Furthermore, Defendants required or permitted Javier Rodriguez and Chris Ortiz to work in excess of forty (40) hours per week, but refused to compensate them at the applicable overtime rate of pay for the hours they worked. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees, such as Plaintiffs, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a). Plaintiffs were not "exempt" employees for purposes of calculating overtime. 29 U.S.C. § 213.

## PARTIES

13. Plaintiff Javier Rodriguez is an individual residing in Harris County, Texas.

14. Plaintiff Chris Ortiz is an individual residing in Harris County, Texas.

15. Plaintiff Troy-Walker Enterprises, LLC d/b/a Sterling Jet Enterprises ("Sterling") is a Texas limited liability company.

16. Defendant Renato Venturini is an individual residing in Harris County, Texas.

17. Defendant Marcela White is an individual residing in Harris County, Texas.

18. Defendant Tavaero Jet Charter Corporation is a Texas Corporation doing business in Harris County, Texas and may be served through its registered agent, Amy R. Shugart, 4848 Pin Oak Park, Suite 140, Houston, Texas 77081.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).

20. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FLSA COVERAGE

21. At all material times, Defendants Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation have been enterprises within the meaning of 3(r) and 3(s) of the FLSA and Defendants have had a gross annual business volume in excess of $500,000.00. 29 U.S.C. §§ 203(r), 203(s).

22. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 and 207.

23. Defendants Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation had the authority to hire and fire employees, make decisions regarding policies and procedures, make decisions regarding employee compensation and capital expenditures, and make the decision not to pay Javier Rodriguez minimum wage for his employment duties.

Furthermore, Marcela White did in fact fire Javier Rodriguez and Chris Ortiz and decided to withhold their last paychecks. (Exhibit A).

24. Pursuant to 29 U.S.C. § 203(d), Defendants Renato Venturini and Marcela White acted directly or indirectly in the interest of Plaintiffs' employment as their employer, which makes them jointly liable as employers under the FLSA.

25. As a matter of economic reality, Javier Rodriguez in his capacity as Assistant Chief Pilot and Chris Ortiz in his capacity as Director of Operations were economically dependent on Defendants. Defendants controled the method and manner in which they performed their duties, have a substantial financial investment in the Javier Rodriguez and Chris Ortiz' expenses, and controlled the opportunity for profit and loss by paying both of them a set, non-variable wage. Prior to termination, the parties relationship was intended to be permanent.

26. As non-exempt employees, Javier Rodriguez and Chris Ortiz are entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 in each workweek. Defendants regularly and consistently failed to pay Javier Rodriguez minimum wage, or pay either Javier Rodriguez or Chris Ortiz the required overtime premium while they were employed by Defendants despite that they regularly worked as Tavaero employees in excess of 40 hours per workweek. Furthermore, Chris Ortiz and Javier Rodriguez are entitled to their last paycheck, which has been willfully and wrongfully withheld from them.

## **VIOLATION OF THE FLSA**

27. Defendants violated the FLSA by failing to properly compensate Javier Rodriguez and Chris Ortiz for work performed in the employ of the Defendants. 29 U.S.C. §§ 206-07.

28. Javier Rodriguez and Chris Ortiz have suffered damages as a direct result of Defendants' unlawful actions.

29. Defendants are liable to Javier Rodriguez and Chris Ortiz for wages, unpaid overtime compensation, liquidated damages, attorneys' fees & expenses under the FLSA, for the three-year period preceding the filing of this lawsuit. 29 U.S.C. § 216.

## BREACH OF CONTRACT

30. Defendants materially breached their agreements with Javier Rodriguez and Chris Ortiz by failing to pay Plaintiffs the amount due and owing under the agreement for compensable work performed for Defendants as employees.

31. Tavaero further breached its agreement with Sterling by failing to compensate it for amounts due and owing for flights performed for the benefit of Tavaero. Sterling performed pilot services for Tavaero aboard planes not owned by Volpe and for flights that were not for the benefit of Volpe, and to which they are entitled to compensation from Tavaero. Those amounts total $11,600, calculated based upon the parties' standard rates for flights, and Tavaero owes Sterling an additional $2,500 for other pilot services as agreed upon by the parties.

32. Tavaero breached a similar agreement with Javier Rodriguez by failing to compensate him for flights performed for the benefit of Tavaero. Those amounts total $36,800, based upon the parties' standard rates.

33. Tavaero and Marcela White also failed to compensate Chris Ortiz for consulting services, for which she and Tacaero agreed to pay him $2,500.

## QUANTUM MERUIT

34. In the alternative to Plaintiffs' breach of contract claims, Plaintiffs provided

compensable and valuable services for the benefit of Defendants, who accepted those services knowing that Plaintiffs expected compensation for them.

## LIQUIDATED DAMAGES

35. Plaintiffs are entitled to recovery of liquidated damages pursuant to 29 U.S.C. §§ 216, 260.

## ATTORNEYS' FEES

36. Plaintiffs are entitled to recovery of their attorneys' fees and expenses pursuant to 29 U.S.C. § 216 (b) and Texas Civil Practice and Remedies Code §§ 38.001 (1), (2) and (8).

## DEMAND FOR JURY

37. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Javier Rodriguez and Chris Ortiz' unpaid wages at the applicable rate and at time and a half for overtime work;

2. Judgment against Defendants equal to the amounts due and owing pursuant to the terms of the parties' contractual arrangement;

3. The fair market value of the work performed by Plaintiffs for the benefit of Defendants;

4. An equal amount to Plaintiffs' wage damages as liquidated damages;

5. An award of prejudgment interest;

6. All costs and attorneys' fees & expenses incurred prosecuting these claims;

7. Leave to amend to add claims under applicable federal and state laws; and

8. For such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
ben.allen@feldman.law

**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**
Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
casey.wallace@feldman.law