**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, CHRIS ORTIZ, and TROY-WALKER ENTERPRISES, LLC d/b/a STERLING JET AVIATION on behalf of themselves and all other persons similarly situated, | § § § § § § | CIVIL ACTION NO. 4:17-cv-01974 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| RENATO VENTURINI, MARCELA WHITE, and TAVAERO JET CHARTER CORPORATION, | § § § § | |
| *Defendants.* | § | |

**MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM, AND MOTION FOR LEAVE TO AMEND COMPLAINT IN THE ALTERNATIVE**

Plaintiffs Javier Rodriguez, Chris Ortiz, and Troy Walker Enterprises, LLC d/b/a Sterling Jet Aviation file this Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction and For Failure to State a Claim.

## INTRODUCTION

This is a wage and hour lawsuit brought by Javier Rodriguez and Chris Ortiz, as well as Mr. Ortiz' flight operation business, Troy-Walker Enterprises, LLC d/b/a Sterling Jet. Plaintiffs' lawsuit seeks a remedy allowing them to "be paid for the work they performed and move on with their careers." (Dkt. No. 1, ¶ 6).

Defendants' counterclaim attempts to turn this into a business tort dispute. Specifically, Defendants allege that Plaintiffs misappropriated "financial information, compensation data,

computer programs and codes, customer lists, customer preferences, aircraft acquisitions, marketing strategies, and pending projects and proposals." (Dkt. No. 7, p. 17). Defendants also allege that Plaintiffs contacted "Tavaero customers and employees and made disparaging comments designed to induce the customers to cease doing business with Tavaero and the employees to leave Tavaero." (*Id.*, p. 19).

These allegations form the basis of trade secret misappropriation claims under both state and federal law (Counts I and II), state law breach of fiduciary duty and duty of loyalty (Count III), tortious interference with existing and prospective business relations (Count IV), tortious interference with employment relations (Count V), and business disparagement (Count VI). (*Id.* p. 19-28). The allegedly unauthorized removal of notebooks from Tavaero's offices form the basis claims for conversion (Count VII) and violation of the Texas Civil Theft Liability Act (Count VIII). Despite the fact that none of these claims bear any relevance to whether and how much compensation Plaintiffs are entitled to, Defendants file these counterclaims in retaliation to Plaintiffs seeking to be paid.

None of these claims are compulsory counterclaims, nor are they permissive counterclaims that form the same case or controversy as Plaintiffs' suit to be paid for the work they performed. *See Coronado v. D N.W. Houston, Inc.*, CIVIL ACTION NO. H-13-2179, 2014 U.S. Dist. LEXIS 83763, at *5 (S.D. Tex. Jun. 19, 2014). The lone federal counterclaim, for misappropriation of trade secrets, is improperly plead, as more fully explained below. *See Hydrogen Master Rights, Ltd. v. Weston*, 22 F.Supp. 230, 337-38 (D. Del. 2017). The Court has no subject matter jurisdiction to hear Defendants' counterclaims, and even if it found jurisdiction, those counterclaims are impermissibly unrelated to the dispute for payment of services and are an attempt to receive an improper retaliatory FLSA setoff. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir.

2010).

**STANDARD**

Motions to dismiss counterclaims are functionally identical to a defendant's motion to dismiss an original complaint. *See Tex. Taco Cabana, L.P. v. Taco Cabana of N.M., Inc.*, 304 F. Supp. 2d 903, 907 (W.D. Tex. 2003); FED. R. CIV. P. 12. In this case, Plaintiffs ask that this Court dismiss the Counterclaims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and ask that this court decline to exercise supplemental jurisdiction over the Defendants' Counterclaims pursuant to Rule 12(b)(6).

The jurisdictional analysis turns on whether the claims are compulsory or permissive, and if they are permissive, is there an independent basis for jurisdiction. In any case properly brought in federal court, the district court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). "It is well established that federal courts have supplemental jurisdiction over compulsory counterclaims because to be compulsory counterclaims in the first place, they have already passed the more stringent test of arising out of the same 'transaction or occurrence' as the jurisdiction-invoking claim, and therefore, by definition, satisfy § 1367(a)'s 'same case or controversy standard.'" *Cordero v. Voltaire, LLC*, No. A-13-CA-253, 2013 U.S. Dist. LEXIS 172532, at *7-8 (W.D. Tex. Dec. 6, 2013) (Magistrate's report and recommendation to grant in part and deny in part plaintiff's motion to dismiss counterclaims). "In contrast to compulsory counterclaims, permissive counterclaims must either be supported by independent grounds of federal jurisdiction *or* fall within the supplemental jurisdiction of the court under 28 U.S.C. § 1367." *Id.* (emphasis in original).

In cases brought pursuant to the Fair Labor Standards Act ("FLSA"), courts frequently decline to exercise jurisdiction even when supplemental jurisdiction technically exists because

allowing employers to "try [their] private claims, real or imagined, against [their] employees would delay claims and even subvert the whole process." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010). Plaintiffs therefore move pursuant to Rule 12(b)(6) for the Court to apply this doctrine and dismiss the Counterclaims pursuant to the policy behind the FLSA. To survive a motion to dismiss:

> "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). We accept "all well-pleaded facts as true and [view] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

*Hall v. Tex. Comm'n on Law Enforcement*, 685 Fed. Appx. 337, 339 (5th Cir. 2017). If the law bars the claim from being brought as a counterclaim in an FLSA action regardless of its merit, then even taking Defendants' pleadings as true, they do not state a claim for which this Court can grant relief.

## LACK OF SUBJECT MATTER JURISDICTION

If the counterclaims are not compulsory by virtue of forming part of the same Article III case and controversy as the original lawsuit, they are permissive, and the defendants must establish an independent basis for subject matter jurisdiction over each of the counterclaims. The counterclaims filed by Defendants in this action are permissive, because they are business tort claims and are not related to Plaintiffs' claims to be paid for work performed. Furthermore, this Court lacks supplemental jurisdiction over the state law counterclaims because they do not arise from the same case or controversy as the FLSA claims.

### I. Defendants claims are not compulsory because they are separate from Plaintiffs' claims for wages under the FLSA.

"A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence

that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13. "Counterclaims that are not compulsory are permissive." *Coronado v. D N.W. Houston, Inc.*, CIVIL ACTION NO. H-13-2179, 2014 U.S. Dist. LEXIS 83763, at *5 (S.D. Tex. Jun. 19, 2014) (Rosenthal, J.) (citing FED. R. CIV. P. 13(b)). The following test applies to determine whether a claim is compulsory:

> A counterclaim arises out of the same transaction and occurrence as the original claim if: (1) both largely raise the same issues of fact or law; (2) claim preclusion would bar a subsequent suit on the counterclaim apart from the compulsory counterclaim rule; (3) the same evidence will support or refute the respective claims; or (4) there is a logical relation between the original claim and the counterclaim. *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). The general rule in this circuit is that the claim is compulsory if one of these four tests is met. *Id.* at 86. In other circuits, the courts appear to view the four elements as factors to be considered in the overall analysis. *See e.g.*, *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006) (stating that the four factors "work less [like] a litmus" test and "more [like] a guideline" (internal quotations omitted; brackets in the original)).

*Coronado v. D N.W. Houston, Inc.*, 2014 U.S. Dist. LEXIS 83763, at *5.

In *Coronado*, an exotic dancer filed suit, alleging she was misclassified as an employee when she was really an independent contractor. *Id.* at *4. Defendant sought leave to file a counterclaim, alleging that the independent contractor agreement contained terms that would have required the dancer to return the money she earned for her dances to the defendant, and that it required the plaintiff to pay defendants' attorney's fees incurred for repudiating the agreement. *Id.*

The Court held that the claims were not compulsory "because their resolution will require a different legal and factual analysis than the FLSA claims." *Id.*at *5-7. The Court held that the counterclaims were a matter of contract law, while the "FLSA issue turns on the economic realities test." *Id.* at *7.

In *Coronado*, the contract at issue purported to govern the parties' independent contractor relationship, the dancer's FLSA rights, and how she would be paid. The document and its

construction is much closer factually to an FLSA wage claim or claim to be paid for work performed than the business torts alleged by Defendants in this case, which if true, would make perfect sense as a standalone lawsuit filed, without regard to whether or not Defendants ever paid Plaintiffs for the work they performed. Accordingly, the Defendants' counterclaims fail all four *Tank Insulation* factors discussed above, and the counterclaims are not compulsory.

## II. This Court may not hear Defendants' counterclaims unless they have an independent jurisdictional basis because they are not part of the same case or controversy as Plaintiffs' Original Complaint.

For non-compulsory counterclaims, the Court may only exercise supplemental jurisdiction over them if they "form part of the same case or controversy" as the FLSA claims alleged by Plaintiffs. 28 U.S.C. § 1367; *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

The *Cordero* court provides helpful guidance whether a counterclaim meets the same "case or controversy requirement" pursuant to § 1367. In *Cordero,* the FLSA defendant brought counterclaims for theft and conversion based upon allegations that plaintiffs took valuable materials and equipment from defendant. 2013 U.S. Dist. LEXIS 172532 at *18-24. The court held that those counterclaims were not based upon the same operative facts as plaintiffs' FLSA claim that defendant failed to pay them overtime wages. *Id.* Accordingly, the court held that they were not compulsory counterclaims, and that the court must have an independent jurisdictional basis to hear them. *Id.* The court went on to hold that "[t]he only nexus between the FLSA claims and Voltaire's counterclaims is the employment relationship between the parties." *Id.* at *19-20. Thus, the magistrate recommended that the court dismiss the counterclaims for lack of supplemental jurisdiction pursuant to § 1367(a) because the counterclaims do not form a part of the "same case or controversy." *Id.*

The *Coronado* court likewise found a lack of supplemental jurisdiction, even when the counterclaims were based on an independent contractor agreement that expressly addressed FLSA rights:

> The proposed counterclaims do not form part of the same Article III case or controversy as the FLSA claims, because the legal and factual issues arising from the "Independent Contractor Agreement" are not sufficiently related to the FLSA claims. As noted above, Gold Cup's proposed counterclaims require a different legal and factual analysis than the FLSA claims. The FLSA claims turn on whether, under the economic realities of the dancers' relationship with Gold Cup, they are employees, not how they were labeled in the Independent Contractor Agreement. By contrast, the proposed counterclaims turn on the contract language and issues of consideration, conscionability, and defendant's damages, including attorney fees.

*Coronado*, 2014 U.S. Dist. LEXIS 83763, at *12. The same is certainly true for Defendants' business tort counterclaims.

**A. Defendants' state law counterclaims must be dismissed because this Court lacks independent jurisdiction over them.**

Given that Tavaero's counterclaims are not compulsory, this Court may allow the counterclaims only if there is an independent basis for this Court to exercise jurisdiction over them. There is no original jurisdiction over the state law counterclaims because they are between non-diverse parties and raise no federal question. All parties are citizens of Texas. *See* 28 U.S.C. § 1332. *Coronado*, 2014 U.S. Dist. LEXIS 83763, at *10. Accordingly, this Court should dismiss Defendants' Texas law claims for misappropriation of trade secrets, breach of fiduciary duty and duty of loyalty, tortious interference with existing and prospective business relations, tortious interference with employment relations, business disparagement, conversion, and violation of the Texas Theft Liability Act. (Dkt. No. 7, pp. 22-30).

**B. Defendants' claims brought pursuant to the Federal Defend Trade Secrets Act fail as a matter of law.**

As the sole basis for independent federal subject matter jurisdiction, Defendants sue under

the Federal Defend Trade Secrets Act. (Dkt. No. 7, pp. 15-22). That claim fails as a matter of law for several reasons. First, Defendants allege as their sole basis for jurisdiction that plaintiffs' originally filed this action here. As federal jurisprudence regarding permissive counterclaims makes clear, Defendants must establish an independent basis for jurisdiction, or that their counterclaims are part of the same case and controversy. Defendants fail to do so, and crucially, they fail to plead that the alleged trade secrets affected interstate or foreign commerce. *See* 18 U.S.C. § 1836(b)(1). "This deficiency, in itself, warrants dismissal of plaintiffs' DTSA claim." *Gov't Emples. Ins. Co. v. Nealey*, CIVIL ACTION NO. 17-9072017 U.S. Dist. LEXIS 91219, at *34-35 (E.D. Penn. Jun. 13, 2017) (citing *Hydrogen Master Rights, Ltd. v. Weston*, 22 F.Supp. 230, 337-38 (D. Del. 2017)) (both dismissing DTSA claims for failure to allege interstate or foreign nexus).

Furthermore, Defendants have not adequately plead that they took "reasonable measures" to qualify the information that they allege Plaintiffs misappropriated as a trade secret. *See* 18 U.S.C. § 1839(3)(A). Defendants allege that they took reasonable measures "through the Employee Handbook and/or Confidentiality Agreements" to protect the trade secret information. (Dkt. No. 7, p. 20). This type of conclusory, barebones allegation cannot satisfy the plausibility requirements of Rule 8, because it does not contain the "factual content that allows the court to draw the reasonable inference that the [Plaintiffs are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants do not allege how or even that the alleged Confidentiality Agreements or Employee Handbooks contain prohibitions against dissemination of the alleged trade secrets. Defendants do not allege that any of the Plaintiffs signed such Confidentiality Agreements or Employee Handbooks (because they did not). The DTSA Counterclaim therefore does not contain

sufficient facts that give rise to an inference that the alleged trade secret information actually qualifies as a trade secret, because it does not contain sufficient factual allegations to establish what reasonable measures Defendants took to protect them. *See Raben Tire Co. v. McFarland*, 5:16-CV-141, 2017 U.S. Dist. LEXIS 26051, 2017 WL 741569, at *2 (W.D. Ky. Feb. 24, 2017)(granting Rule 12(b)(6) motion to dismiss DTSA claim because the complaint failed to sufficiently allege reasonable measures); *M.C. Dean, Inc v. City of Miami*, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016) (same); *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 267 (S.D.N.Y. 2014) (dismissing trade secret claim at pleadings stage after explaining that sometimes the lack of a trade secret "may be evident from the pleadings").

Lastly, Defendants fail to adequately plead their claim for exemplary damages or attorneys' fees because they only allege in conclusory fashion that Plaintiffs acted "intentionally and with conscious disregard," but provide no factual basis in support. (Dkt. No. 7, p. 21). This Court should, at a minimum, dismiss Defendants' claims for exemplary damages and attorneys' fees. Dismissal is appropriate where claimants "do not plead any facts to support that conclusory allegation in the DTSA claim (or even allege any 'malicious' conduct to support exemplary damages or attorneys fees in the DTSA claim)." *Xoran Holdings LLC v. David Luick & Tungsten Med. Network, LLC*, Case No. 16-13703, 2017 U.S. Dist. LEXIS 147868, at *18 (E.D. Mich. Sept. 13, 2017) (granting motion to dismiss DTSA claims for attorneys' fees and exemplary damages).

Without the DTSA claim, this Court has no independent basis for jurisdiction over any of the Counterclaims, which are state law claims, and the entire pleading should be dismissed for lack of subject matter jurisdiction. *Coronado*, 2014 U.S. Dist. LEXIS 83763, at *10 ("Because the counterclaims are permissive, there must be an independent jurisdictional basis for this court to exercise subject-matter jurisdiction over them").

## FAILURE TO STATE A CLAIM

Even if this Court finds that it has subject matter jurisdiction, this Court "may decline to exercise supplemental jurisdiction," when "there are compelling reasons for declining jurisdiction." 18 U.S.C. § 1367(c); *Coronado*, 2014 U.S. Dist. LEXIS 83763, at *12-13. Plaintiffs accordingly move for the Court to dismiss Defendants' counterclaims for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

The reasons for refusing counterclaims in the FLSA context have been clearly articulated by the Fifth Circuit:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not to be vitiated by an employer. . . . [The court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand"contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .

*Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added). The Fifth Circuit affirmed this legal principal recently in *Martin v. PepsiAmericas, Inc.* when it held, "[C]ourts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it" because cluttering FLSA proceedings "with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." 628 F.3d 738, 741 (5th

Cir. 2010) (dismissing breach of contract counter claims).[1]

District Courts construing the *Brennan* line of cases have consistently held that counterclaims not related to prepayment of wages, such as tort claims, are not allowed. In *Crews v. Elite Coil Tubins Solutions, LLC,* "Defendants [asserted] that Plaintiffs received payments meant for workers on 'outside' job projects by fraudulently claiming to be working on those projects." Civ. Action No. 6:13-CV-00020, 2013 WL 6252697, at *1 (S.D. Tex. Nov. 26, 2013). Critically, the basis for employer's offset claim was not that "the bonus payments were legitimate pre-paid wages that could offset underpayments of overtime wages—in fact, Defendants argue that the bonus payments should never have been made at all." Accordingly, the court dismissed the counterclaim, holding that allowing it "would subvert the Court's purpose in FLSA cases of 'assuring to the employees of a covered company a minimum level of wages." *Id.* at *2 (citing *Martin*, 629 F.3d at 741 and omitting internal citations).

Likewise, in *Mohammadi v. Nwabuisa*, the court refused to allow a counterclaim unrelated to the plaintiff's claims for FLSA wages. Cv. No. SA:12-CV-42, 2014 WL 29031, at *1, *21 (W.D. Tex. Jan. 2, 2014). In *Mohammadi,* the magistrate judge recommended dismissal of counterclaims for petty cash allegedly taken by an FLSA plaintiff and for an alleged $200 cash advance because they violate the "longstanding prohibition of set-offs in FLSA cases." Civ. No. SA:12-CV-42, 2014 WL 29031, at *1, *21 (W.D. Tex. Jan. 2, 2014).

The tort claims asserted by Defendants are more attenuated in subject matter to the original

[1] The Tenth Circuit has stated an FLSA claim is enforcement of a public right. Permitting private counterclaims, "real or imagined . . . would delay and even subvert" the goals of the FLSA by further delaying the payment of lawfully owed wages. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Thus, such counterclaims are simply not permitted in FLSA cases. *See Marshall v. Wallace Oil Co., Inc.*, 1980 WL 2101, at *2; 24 Wage & Hour Cas. 1059 (N.D. Ga. 1980) (striking employer's counterclaim for amounts employees borrowed from their employer). *American Jurisprudence* summarizes this area of law, stating "an employer may not counterclaim for overpayments or other sums owed by employees where suit . . . [concerns] FLSA violations, including the violation of the minimum wage and overtime compensation provisions."48A Am. Jur. 2d *Labor and Labor Relations* § 4588 (2004).

wage claims than the impermissible *Crews* and *Mohammadi* counterclaims. Unlike those cases, none of Defendants' counterclaims allege that Defendants paid Plaintiffs money to which they were not rightfully entitled. Business tort claims unrelated to Plaintiffs' claims to be paid for services rendered should not be considered in this action because they "would be antithetical to the purpose of the Act." *Martin*, 628 F.3d at 741. This Court should dismiss Defendants' counterclaims and limit this dispute to paying Plaintiffs what they are owed for the work they performed.

## PRAYER

Plaintiffs request that this Court dismiss Defendants' Counterclaims without prejudice pursuant to Federal Civil Procedure 12(b)(1), and 12(b)(6).

Respectfully submitted,

*/s/ Benjamin W. Allen*

Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
ben.allen@feldman.law

**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**
Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
casey.wallace@feldman.law

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on October 4, 2017:

J. Alfred Southerland
Southerland Law Firm
4141 Southwest Freeway, Suite 300
Houston, Texas 77027
alf@southerlandlawfirm.com

Gary L. Evans
Coats & Evans, P.C.
P.O. Box 130246
The Woodlands, Texas 77393
evans@texasaviationlaw.com

*Benjamin W. Allen*__________________
Benjamin W. Allen