**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, CHRIS ORTIZ, and TROY-WALKER ENTERPRISES, LLC d/b/a STERLING JET AVIATION on behalf of themselves and all other persons similarly situated, | § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 4:17-cv-01974 |
| v. | § | |
| RENATO VENTURINI, MARCELA WHITE, and TAVAERO JET CHARTER CORPORATION, | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Javier Rodriguez, Chris Ortiz, and Troy Walker Enterprises, LLC d/b/a Sterling Jet Aviation (collectively "Plaintiffs") file this Answer to Defendants Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation's (collectively "Defendants") Counterclaim.

## RESPONDING TO THE NATURE OF THE ACTION ALLEGATIONS

1. The allegations of Paragraph 1 are not directed to Plaintiffs, and as such, no response is required. To the extent this Paragraph contains factual allegations, they are denied.

2. The allegations of Paragraph 2 are not directed to Plaintiffs, and as such, no response is required. To the extent this Paragraph contains factual allegations, they are denied.

## RESPONDING TO THE PARTIES ALLEGATIONS

3. Plaintiffs admit that all of the parties have appeared in this action.

## RESPONDING TO THE JURISDICTION AND VENUE ALLEGATIONS

4. Plaintiffs deny that the Court has jurisdiction over the Counterclaim.

**RESPONDING TO THE FACTS COMMON TO ALL COUNTS ALLEGATIONS**

5. Plaintiffs admit the allegations in Paragraph 5.

6. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 6.

7. Plaintiffs admit that White is the general manager of Tavaero, and lack sufficient information to admit or deny the remaining allegations of Paragraph 7.

8. Plaintiffs deny that the Dry Lease was executed in 2010, but Plaintiffs admit the remaining allegations of Paragraph 8.

9. Plaintiffs admit the allegations of Paragraph 9.

10. Defendants identification of the "Dry Lease" in Paragraph 10 is ambiguous, and Plaintiffs deny that the most recent Dry Lease for the Hawker or the Challenger aircraft identifies a flight crew.

11. Plaintiffs deny the allegations of Paragraph 11.

12. Plaintiffs deny the allegations of Paragraph 12.

13. Plaintiffs deny the allegations of Paragraph 13.

14. Plaintiffs admit the allegations of Paragraph 14.

15. Plaintiffs deny the allegations of Paragraph 15.

16. Plaintiffs deny the allegations of Paragraph 16.

17. Plaintiffs admit the allegations in the first two sentences of Paragraph 17, and deny the remaining allegations of the Paragraph.

18. Plaintiffs deny the allegations of Paragraph 18.

19. Plaintiffs admit the allegations of Paragraph 19.

20. Plaintiffs deny the allegations of Paragraph 20.

21. Plaintiffs deny the allegations of Paragraph 21.

22. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 22.

23. Plaintiffs lack sufficient information to admit or deny what Tavaero "discovered," and deny the remaining allegations of Paragraph 23.

24. Plaintiffs admit deny that in late May 2017, Rodriguez and Ortiz flew a flight to Aruba, and deny the remaining allegations of Paragraph 24.

25. Plaintiffs admit that White terminated Rodriguez and Ortiz both as employees and independent contractors, and deny the remaining allegations of Paragraph 25.

26. Plaintiffs deny the allegations of Paragraph 26.

27. Plaintiffs deny the allegations of Paragraph 27.

28. Plaintiffs deny the allegations of Paragraph 28.

**RESPONDING TO THE COUNT I TRADE SECRET MISAPPROPRIATION UNDER DTSA ALLEGATIONS**

29. Plaintiffs incorporate their responses to the preceding paragraphs.

30. Plaintiffs lack sufficient information to admit or deny the allegations of Paragraph 30.

31. The law speaks for itself.

32. Plaintiffs deny the allegations of Paragraph 32.

33. Plaintiffs deny the allegations of Paragraph 33.

34. Plaintiffs deny the allegations of Paragraph 34.

35. Plaintiffs deny the allegations of Paragraph 35.

36. Plaintiffs deny the allegations of Paragraph 36.

37. Plaintiffs deny the allegations of Paragraph 37.

38. Plaintiffs deny the allegations of Paragraph 38.

39. Plaintiffs deny the allegations of Paragraph 39.

40. Plaintiffs deny the allegations of Paragraph 40.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraphs in the Count I Trade Secret Misappropriation Under DTSA Allegations.

**RESPONDING TO THE COUNT II**
**MISAPPROPRIATION TRADE SECRETS UNDER TUTSA ALLEGATIONS**

41. Plaintiffs incorporate their responses to the preceding paragraphs.

42. Plaintiffs deny the allegations of Paragraph 42.

43. Plaintiffs deny the allegations of Paragraph 43.

44. Plaintiffs deny the allegations of Paragraph 44.

45. Plaintiffs deny the allegations of Paragraph 45.

46. Plaintiffs deny the allegations of Paragraph 46.

47. Plaintiffs deny the allegations of Paragraph 47.

48. Plaintiffs deny the allegations of Paragraph 48.

49. Plaintiffs deny the allegations of Paragraph 49.

50. Plaintiffs deny the allegations of Paragraph 50.

51. Plaintiffs deny the allegations of Paragraph 51.

52. Plaintiffs deny the allegations of Paragraph 52.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraphs in the Count II Misappropriation of Trade Secrets Under TUTSA Allegations.

**RESPONDING TO THE COUNT III**
**BREACH OF FIDUCIARY DUTY AND**
**DUTY OF LOYALTY ALLEGATIONS**

53. Plaintiffs incorporate their responses to the preceding paragraphs.

54. Plaintiffs deny the allegations of Paragraph 54.

55. Plaintiffs deny the allegations of Paragraph 55.

56. Plaintiffs deny the allegations of Paragraph 56.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraphs in the Count III Breach of Fiduciary Duty and Duty of Loyalty Allegations.

**RESPONDING TO THE COUNT IV**
**TORTIOUS INTERFERENCE WITH EXISTING AND**
**PROSPECTIVE BUSINESS RELATIONS ALLEGATIONS**

57. Plaintiffs incorporate their responses to the preceding paragraphs.

58. Plaintiffs deny the allegations of Paragraph 58.

59. Plaintiffs deny the allegations of Paragraph 59.

60. Plaintiffs deny the allegations of Paragraph 60.

61. Plaintiffs deny the allegations of Paragraph 61.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraph in the Count IV Tortious Interference with Existing and Prospective Business Relations Allegations.

**RESPONDING TO THE COUNT V**
**TORTIOUS INTERFERENCE WITH EMPLOYENT**
**RELATIONS ALLEGATIONS**

62. Plaintiffs incorporate their responses to the preceding paragraphs.

63. Plaintiffs deny the allegations of Paragraph 63.

64. Plaintiffs deny the allegations of Paragraph 64.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraph in the Count V Tortious Interference with Employment Relations Allegations.

**RESPONDING TO THE COUNT VI**
**BUSINESS DISPARAGEMENT ALLEGATIONS**

65. Plaintiffs incorporate their responses to the preceding paragraphs.

66. Plaintiffs deny the allegations of Paragraph 66.

67. Plaintiffs deny the allegations of Paragraph 67.

68. Plaintiffs deny the allegations of Paragraph 68.

69. Plaintiffs deny the allegations of Paragraph 69.

70. Plaintiffs deny the allegations of Paragraph 70.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraph in the Count VI Business Disparagement Allegations.

**RESPONDING TO THE COUNT VII**
**CONVERSION ALLEGATIONS**

71. Plaintiffs incorporate their responses to the preceding paragraphs.

72. Plaintiffs deny the allegations of Paragraph 72.

73. Plaintiffs deny the allegations of Paragraph 73.

74. Plaintiffs deny the allegations of Paragraph 74.

75. Plaintiffs deny the allegations of Paragraph 75.

76. Plaintiffs deny the allegations of Paragraph 76.

77. Plaintiffs deny the allegations of Paragraph 77.

Plaintiffs deny that Defendants are entitled to the relief they requested in the remaining paragraph in the Count VII Conversion Allegations.

## RESPONDING TO THE COUNT VIII
## VIOLATION OF THE TEXAS THEFT LIABILITY ACT ALLEGATIONS

78. Plaintiffs incorporate their responses to the preceding paragraphs.

79. Plaintiffs deny the allegations of Paragraph 79.

80. Plaintiffs deny the allegations of Paragraph 80.

81. Plaintiffs deny the allegations of Paragraph 81.

Plaintiffs deny that Defendants are entitled to the relief they requested.

## AFFIRMATIVE DEFENSES

1. Defendants counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Defendants counterclaims are barred, in whole or in part, pursuant to the doctrine of unclean hands.

3. Defendants counterclaims are barred, in whole or in part, by fraud.

4. Defendants counterclaims are barred, in whole or in part, by their failure to mitigate damages.

5. Defendants counterclaims are barred, in whole or in part, by privilege.

6. Defendants counterclaims are barred, in whole or in part, by failure to satisfy Conditions Precedent.

## PRAYER

Plaintiffs pray that Defendants take nothing by way of this lawsuit, that Plaintiffs recover their costs and attorneys' fees, and for all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Benjamin W. Allen*

Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
ben.allen@feldman.law

**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**

Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
FELDMAN & FELDMAN, P.C.
3355 West Alabama, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
casey.wallace@feldman.law

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on October 4, 2017:

J. Alfred Southerland
Southerland Law Firm
4141 Southwest Freeway, Suite 300
Houston, Texas 77027
alf@southerlandlawfirm.com

Gary L. Evans
Coats & Evans, P.C.
P.O. Box 130246
The Woodlands, Texas 77393
evans@texasaviationlaw.com

*Benjamin W. Allen*___________________
Benjamin W. Allen