United States District Court
Southern District of Texas
**ENTERED**
August 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-01974 |
| | § | |
| RENATO VENTURINI, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiffs' Motion for Partial Summary Judgment (Doc. #21), and Defendant's Response (Doc. #37). After reviewing the parties' arguments and applicable legal authority, the Court denies Plaintiffs' Motion for Partial Summary Judgment.

## I. Background

Plaintiffs Javier Rodriguez ("Rodriguez") and Chris Ortiz ("Ortiz") bring claims for unpaid overtime and failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 & 207 *et seq*. The Plaintiffs were pilots that flew for Troy-Walker Enterprises, LLC d/b/a Sterling Jet Aviation and they also flew chartered flights for the benefit of Tavaero. Additionally, Plaintiff Ortiz was hired by Tavaero as the Director of Operations and Rodriguez was hired as Assistant Chief Pilot. Plaintiffs allege that they were employees of Tavaero and were paid less than minimum wage and were not paid overtime.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact

and that summary judgment is appropriate as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party fails to discharge this burden, summary judgment must be denied—even if the nonmoving party has not responded to the motion." *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985). Additionally, the Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

## III. Law & Analysis

### A. FLSA Overtime

Plaintiffs ask the Court to grant summary judgment as to their FLSA overtime claims, however FLSA exemptions apply to air carriers like Tavaero. The FLSA exempts from its overtime provisions any "employee of a carrier by air subject to [the Railway Labor Act "RLA"]." 29 U.S.C. § 213(b)(3). If an entity engaged in transportation "has held itself out . . . to a definable segment of the public as being willing to transport for hire, indiscriminately," it qualifies as a "common carrier" and is therefore subject to Title II of the RLA. *Thibodeaux v. Exec. Jet Int'l, Inc.*, 328 F.3d 742, 753 (5th Cir. 2003). When a transportation entity is subject to the RLA, the employees are exempt from the overtime provisions of the FLSA as long as their duties are related to the air carrier's services. *Id.* (citing 29 U.S.C. § 213(b)(3)).

It is not disputed that Tavaero is engaged in transportation and holds itself out to the public as being willing to transport passengers for hire. Additionally, Plaintiff Ortiz states that he performed flight services for Tavaero's benefit, and that he worked as the Director of Operations overseeing the flight department for the Chief Pilot. Doc. #21, Ex. 3. Additionally, Ortiz was responsible for communications with the Federal Aviation Association ("FAA") and responsible to ensure FAA compliance. *Id.* Plaintiff Rodriguez served as the Chief Pilot for Tavaero and

performed flight services. *Id.* at Ex. 4. Plaintiffs duties related to the air carrier services of Tavaero. Because Tavaero is an air carrier and air carriers qualify for an exemption from the overtime provisions of FLSA, Plaintiffs are not entitled to summary judgment as to FLSA overtime.

### B. FLSA Minimum Wage

Based on the evidence and arguments before the Court, at a minimum there is a genuine issue of material fact concerning Plaintiffs hours worked and compensation—whether Ortiz and Rodriguez were salaried as opposed to hourly employees. Accordingly, summary judgment is not appropriate as to Plaintiffs' minimum wage allegations.

## IV. Conclusion

For the aforementioned reasons, Plaintiffs' Motion for Summary Judgment (Doc. #21) is DENIED.[1]

It is so ORDERED

AUG 15 2019

Date

The Honorable Alfred H. Bennett
United States District Judge

[1] Regardless of whether Defendant's Response was untimely filed, Plaintiffs failed to show that they are entitled to summary judgment as a matter of law. Therefore, Plaintiffs' Motion to Strike Defendant's Response (Doc. #41) is DENIED as MOOT. Defendant's Motions for Extension of Time to Respond (Doc. #25 and Doc. #36) are GRANTED.