IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, CHRIS ORTIZ, and TROY-WALKER ENTERPRISES, LLC d/b/a STERLING JET AVIATION on behalf of themselves and all other persons similarly situated, | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-01974 |
| *Plaintiffs*, | | |
| v. | | |
| RENATO VENTURINI, MARCELA WHITE, and TAVAERO JET CHARTER CORPORATION, | | |
| *Defendants*. | | |

**PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES**

Plaintiffs Javier Rodriguez and Chris Ortiz ("Plaintiffs") file this Application for Attorneys' Fees pursuant to the parties' stipulation on the record to try the issue of reasonable and necessary attorneys' fees to the Court submitted via pleadings, and alternatively, pursuant to Federal Rule of Civil Procedure 54.

**ENTITLEMENT TO ATTORNEYS' FEES**

As prevailing parties on their claims of quantum meruit, both Troy Walker Enterprises, LLC d/b/a Sterling Jet Aviation and Javier Rodriguez are entitled to recover their reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001(1) and (2). A party prevailing on a quantum meruit claim is entitled to recover attorney's fees. *Shamoun & Norman, LLP v. Hill*, 483 S.W.3d 767, 790 (Tex. App.—Dallas 2016), *aff'd in part, rev'd in part on other grounds*, 544 S.W.3d 724 (Tex. 2018) (citing TEX. CIV. PRAC. & REM. CODE § 38.001(1)). The Jury's verdict answered both liability and damages questions in favor of Mr.

Rodriguez and Sterling Jet, and they are both entitled to recover reasonable and necessary attorney's fees as a matter of right. (Dkt. No. 94, Questions 16-19). Moreover, if the Court grants Plaintiffs' Renewed Rule 50 Motion on the grounds of employee classification and Motion for Entry of Judgment as a Matter of Law, Plaintiffs are entitled to attorneys' fees as a matter of right pursuant to 29 U.S.C. § 216.

## REASONABLENESS AND NECESSITY OF FEES

Once a court has determined that a plaintiff is entitled to attorneys' fees, then it must determine the amount. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000).

### A. Federal Standard Governing FLSA Claims

As Judge Miller's Court recently articulated, "Courts use a two-step process to calculate reasonable attorneys' fees." *Knoerr v. Pinnacle Asset Grp., L.L.C.*, No. CV H-16-599, 2017 WL 2118975, at *1 (S.D. Tex. May 16, 2017) (Miller, J.) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998)). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)). Plaintiffs bear the burden to show the reasonableness of the hours billed and are responsible for proving that they exercised billing judgment. *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, No. CIV.A. H-11-3025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013), *aff'd*, 562 F. App'x 182 (5th Cir. 2014).

In *Chapman*, the Court evaluated the reasonableness of a labor and employment attorney ($340.00), a labor and employment associate ($325.00), and a labor and employment paralegal ($175.00), finding that such rates were reasonable given the "prevailing market rate for similar

services by similarly situated trained and experienced lawyers in the relevant legal community."

*Id.* (citing *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002)).

> The most important factor to consider is the results obtained. If the success is limited, the lodestar should be reduced to reflect that. But the fee award should not be simply proportionate to the result obtained. *Andrews v. United States,* 122 F.3d 1367, 1376 (11th Cir.1997). "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Intern., Inc.,* 547 F.Supp.2d 1281, 1286 (S. D. Fla. 2008).

*Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A. H-07-2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008).

### B. Timekeeper Billing Rates

Plaintiffs request that the Court consider Benjamin W. Allen and Casey T. Wallace's billing rates of $400 per hour, associate attorney rates of $350 per hour, and for paralegal time at rates of $100, $150, and $195 per hour. Mr. Allen is in his 11th year of practice as partner in Wallace & Allen, LLP, which he co-founded with Casey T. Wallace in November of 2019. He has extensive trial and appellate experience in complex commercial matters. (Exhibit A). He further has extensive experience in FLSA unpaid wage claims involving issues of independent contractor misclassification, including acting as co-lead counsel and securing a court-approved $2.65 million dollar settlement on behalf of 159 unpaid truck drivers in 2019. *See* Civ. Action No. H-17-1601, *Garcia et al. v. Peterson et al.*, in the United States District Court of the Southern District of Texas, Houston Division. (*Id.*). He has also represented businesses in several final arbitration hearings relating to FLSA wage claims based on alleged independent contractor classification.

Casey T. Wallace is an attorney with over 20 years of experience in commercial and government-related, and employment litigation. (Exhibit A). He has extensive trial and final arbitration hearing experience on issues of FLSA classification. (*Id.*). His billing rate is $400 per hour. (*Id.*). William X. King is an attorney in his 9th year of practice and has FLSA classification

trial experience. *See* Civ. Action No. H-17-2171, *Nelson v. Texas Sugars Inc. et al.*, in the United States District Court of the Southern District of Texas, Houston Division. (*Id.*). His billing rate is $350 per hour. (*Id.*). Morgan King is in her 8th year of practice and has tried over twenty cases in Texas State Courts. (*Id.*). Her billing rate is $350 per hour. (*Id.*). All of the work these attorneys performed is described by date, time, and narrative in the contemporaneous time records attached as Exhibit B and Exhibit C. (*Id.*).

Valerie Baker is a paralegal in her 8th year of practice, and assisted Mr. Allen in all the above FLSA matters, and her billing rate is $195 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as Exhibit B and Exhibit C. Marissa Reyna is a paralegal in her 6th year of practice, and has trial experience in federal court handling FLSA misclassification claims. *See* Civ. Action No. H-17-2171, *Nelson v. Texas Sugars Inc. et al.*, in the United States District Court of the Southern District of Texas, Houston Division. Her billing rate is $150 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as Exhibit B and Exhibit C. Cassandra Hoff is a paralegal in her 2nd year of practice, and assisted in all of the above FLSA matters. Her billing rate is $100 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as Exhibit B.

Mr. Allen considered the *Johnson* and *Arthur Anderson* factors in arriving at each timekeeper's billing rates. (*Id.*). Based on the relatively modest size of the judgment in this case, Mr. Allen requests that the Court apply a downward adjustment of 50% of all timekeeper billing

rates. Lastly, this fee application demonstrates Mr. Allen exercised sound billing judgment in recording his time, and in what he submitted to the Court for reimbursement. Of note, Mr. Allen regularly held meetings with his partner Mr. Wallace to discuss strategy. (Exhibit A). Although these meetings were productive and an essential step in verifying the Plaintiffs' counsel employed sound strategy and legal judgment, neither Mr. Allen nor Mr. Wallace recorded any time for these meetings. *Id.* The Plaintiffs are requesting a reasonable rate for their attorneys' services, and those attorneys executed good billing judgment in submitting this application.

      **C.**    **State Law Standard Governing Quantum Meruit**

Although technically different formulations, the state law *Arthur Andersen* eight-factor test used to determine reasonableness and necessity of attorney fees when making a lodestar calculation is similar to the test used by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). However, state law is more explicit regarding what documentation is required to sustain an attorney fee award:

> The starting point for determining a lodestar fee award is the number of hours "reasonably expended on the litigation." *Id.* at 433, 103 S.Ct. 1933. The party applying for the award bears the burden of proof. *Id.* at 437, 103 S.Ct. 1933. That proof should include the basic facts underlying the lodestar, which are: (1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the services were performed, and (4) the number of hours worked. An attorney could, of course, testify to these details, but in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information. Thus, when there is an expectation that the lodestar method will be used to calculate fees, attorneys should document their time much as they would for their own clients, that is, contemporaneous billing records or other documentation recorded reasonably close to the time when the work is performed.

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762-63 (Tex. 2012). Accordingly, contemporaneous time records and full narrative descriptions for all time sought to be recovered (at a 50% discount) are attached to this Application for Attorneys' Fees as Exhibits B and Exhibit C.

### D.     Reasonable and Necessary Attorneys' Fees

The Plaintiffs incurred attorneys' fees in the amount of $208,847.74 (total amount from all timekeepers) associated with this case. (Exhibit A). This included conferring in advance of the trial, reviewing the applicable law governing the issues in the trial, drafting the pleadings in this case, reviewing the responses, engaging in motion practice, conducting depositions, preparing for the trial, and conducting the trial itself. (Exhibit A). Mr. Allen also spent six hours preparing this fee application and in the contemporaneously filed motion for directed judgment and is not seeking to recover those amounts even though Plaintiffs are entitled to them. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, CIV.A. H–07–2349, 2008 WL 5140045, at *7 (S.D. Tex. Dec. 8, 2008) (Rosenthal, J.) (collecting cases) ("In general, when a plaintiff is awarded reasonable attorneys' fees, the plaintiff is also entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application.").

Plaintiffs are entitled to recover for all of the attorneys' fees and expenses incurred by Plaintiffs, as all of the claims were intertwined—indeed so intertwined that they constituted alternative legal theories for recovering the same amounts. All of Plaintiffs' claims were for services unpaid by Defendants. (*See* Dkt. No. 1, ¶¶ 1-6, 27-35). Indeed, the jury could have awarded the amounts it did under the FLSA claims, breach of contract claims, or quantum meruit, as they chose to do. (*See* Dkt. No. 94). Accordingly, Plaintiffs are under no obligation to segregate attorneys' fees because they are entitled to recover attorneys' fees under each theory of recovery. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006) (segregation only required for time spent on claims for which attorneys' fees cannot be recovered).

Defending the claims brought by plaintiff's employers in proceedings before the Texas Workforce Commission ("TWC") to challenge Mr. Rodriguez' unemployment benefits were

likewise reasonable and necessary to the prosecution of this action. Throughout the entire case, counsel for Defendants in this action maintained that Plaintiffs were terminated for cause and that the facts and circumstances surrounding that termination related to motive in bringing this lawsuit. (Dkt. No. 77, pp. 1-2). As a basis for attempting to admit the TWC findings and related exhibits into evidence, counsel for Defendants also argued that the documents were relevant to the independent contractor versus employee classification issue. (Dkt. No. 78, p. 2). Even if under normal circumstances the TWC proceedings would be sufficiently unrelated such that defending them would not be reasonable and necessary to prosecuting this action, Defense counsel's conduct made it necessary as he made clear early in the course of litigation that he would attempt to make the circumstances surrounding termination the basis of his defense.

Alternatively to awarding the full amount of those fees (at a 50% discount), the Plaintiffs request that the Court apply the well-established rule governing attorney fee recovery for intertwined claims, as all of the claims related to unpaid amounts for services rendered are in this case. Courts impose a small fee reduction in the total amount of attorneys' fees incurred to advance prevailing claims when only some of those claims allow for recovery of attorneys' fees. *Kiewit Offshore Servs. Ltd. v. Dresser-Rand Glob. Servs., Inc.*, No. CV H-15-1299, 2017 WL 2599325, at *4 (S.D. Tex. June 15, 2017). The Plaintiffs therefore request that if this Court sees appropriate to impose a further fee reduction, it impose a small reduction of 15%, as the Court did in *Kiewit*. *Id.*

Lastly, Mr. Allen personally reviewed all the expense records of Wallace & Allen relating to this case and matched them against attorney time records in the case to ensure that the expenses were indeed incurred in the course of work on behalf of the Plaintiffs. (Exhibit A). He is certain that the records attached accurately reflect legitimate expenditures by the firm in support of the

activities of the attorneys who worked on the case. (*Id.*). Furthermore, Plaintiffs do not seek recovery of expenses prior to November of 2019. These expenses are reasonable and should be approved. *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016).

## **CONCLUSION**

The Plaintiffs request that this Court order Defendants to pay $104,423.87 in attorneys' fees and $346.57 in expenses associated with this case to an IOLTA Trust account of the Plaintiffs choosing within 14 days of the Court ruling on this application.

Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com

**LEAD COUNSEL FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**
Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
cwallace@wallaceallen.com

-9-

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of this pleading has been served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on March 11, 2020:

J. Alfred Southerland
Southerland Law Firm
4141 Southwest Freeway, Suite 300
Houston, Texas 77027
alf@southerlandlawfirm.com

Gary L. Evans
Coats & Evans, P.C.
P.O. Box 130246
The Woodlands, Texas 77393
evans@texasaviationlaw.com

                                        *Benjamin W. Allen*_____
                                        Benjamin W. Allen