# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, CHRIS ORTIZ, and TROY-WALKER ENTERPRISES, LLC d/b/a STERLING JET AVIATION on behalf of themselves and all other persons similarly situated, | § § § § § § | |
| | § | CIVIL ACTION NO. 4:17-cv-01974 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| RENATO VENTURINI, MARCELA WHITE, and TAVAERO JET CHARTER CORPORATION, | § § § § | |
| *Defendants*. | § | |

## DECLARATION OF BENJAMIN W. ALLEN

My name is Benjamin W. Allen. I am over the age of twenty-one (21) years and am fully competent to make this declaration. All statements contained in this declaration are true and correct and are based on my personal knowledge.

I have been licensed to practice law in the State of Texas since 2009 and have been a practicing attorney throughout that time. I am a founding partner with the law firm of Wallace & Allen, L.L.P., who has rendered legal services to the Plaintiffs in this lawsuit. My biographical information, as well as the biographical information of Casey T. Wallace and William X. King, may be viewed at: https://www.wallaceallen.com/bios/.

I have prepared and reviewed the billing statements submitted with this Application for Attorneys' Fees, and I am familiar with the services that I and other attorneys and legal assistants with Wallace & Allen, L.L.P., and Feldman & Feldman, P.C., my former firm, have provided in this matter. True and correct copies of all billing records sought to be recovered are attached to this Application for Attorneys fees as Exhibit B and Exhibit C. In addition, I am familiar with the usual and customary fees charged in cases such as this and of similar complexity.

The billing rates of the timekeepers in this matter constitute a reasonable fee, taking into consideration the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717 (5th Cir. 1974), the Texas Disciplinary Rules of Professional Conduct, and *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These include: (1) the fees and expenses customarily charged in this area for the same or similar services for attorneys with similar

experience, reputation and ability; (2) the time and labor required; (3) the difficulty of the questions involved in the litigation; (4) the skills required to perform the legal services properly; (5) the type of controversy and amounts involved; (6) client-imposed time limitations; (7) the results obtained; and (8) the nature and length of my firm's relationship with the client. Applying those factors to this case, the fees and expenses incurred by the Plaintiffs relating to this case were reasonable and necessary.

I have extensive experience in Fair Labor Standards Act ("FLSA") unpaid wage claims involving issues of independent contractor misclassification, including acting as co-lead counsel and securing a court-approved $2.65 million dollar settlement on behalf of 159 unpaid truck drivers in 2019. *See* Civ. Action No. H-17-1601, *Garcia et al. v. Peterson et al.*, in the United States District Court of the Southern District of Texas, Houston Division. I have also represented employers in several final arbitration hearings relating to FLSA wage claims based on alleged independent contractor classification. My billing rate on this matter is $400 per hour.

I am also familiar with the experience of the other timekeepers who assisted in this matter. Casey T. Wallace is an attorney with over 20 years of experience in commercial and government-related, and employment litigation. He has extensive trial and final arbitration hearing experience on issues of FLSA classification. His billing rate is $400 per hour. William X. King is an attorney in his 9th year of practice and has FLSA classification trial experience. *See* Civ. Action No. H-17-2171, *Nelson v. Texas Sugars Inc. et al.*, in the United States District Court of the Southern District of Texas, Houston Division. His billing rate is $350 per hour. Morgan King is in her 8th year of practice and has tried over twenty cases in Texas State Courts. Her billing rate is $350 per hour. All of the work these attorneys performed is described by date, time, and narrative in the contemporaneous time records attached as <u>Exhibit B</u> and <u>Exhibit C</u>.

Valerie Baker is a paralegal in her 8th year of practice, and assisted Mr. Allen in all the above FLSA matters, and her billing rate is $195 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as <u>Exhibit B</u> and <u>Exhibit C</u>. Marissa Reyna is a paralegal in her 6th year of practice, and has trial experience in federal court handling FLSA misclassification claims. *See* Civ. Action No. H-17-2171, *Nelson v. Texas Sugars Inc. et al.*, in the United States District Court of the Southern District of Texas, Houston Division. Her billing rate is $150 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as <u>Exhibit B</u> and <u>Exhibit C</u>. Cassandra Hoff is a paralegal in her 2nd year of practice, and assisted in all of the above FLSA matters. Her billing rate is $100 per hour. All of the work she performed on this matter was under the direction and supervision of Mr. Allen, and is described by date, time, and narrative in the contemporaneous time records attached as <u>Exhibit B</u>.

Based on my experience, these billing rates are consistent with the fees and expenses customarily charged in this area for the same or similar services for attorneys with similar experience, reputation and ability. However, based upon the modest size of the judgment obtained in this case, I request that the court apply a 50% downward adjustment in each timekeeper's lodestar rate. There are three other areas of fees and expenses also discounted from this fee

application (1) Plaintiffs are not seeking reimbursement of expenses prior to November 2019, (2) Plaintiffs are not seeking to recover attorney time for discussing case strategy, and (3) Plaintiffs are not seeking to recover attorney time necessary to prepare this application or the contemporaneously filed motion for entry of judgment.

Prior to applying a discount but excluding the three categories above, the Plaintiffs incurred attorneys' fees in the amount of $208,847.74 (total amount from all timekeepers) associated with this case. This included all litigation preparation, reviewing the applicable law governing the issues in the case, drafting the pleadings in this case, reviewing the responses, engaging in motion practice, conducting depositions, preparing for the trial, and conducting the trial itself. I also spent six hours preparing this fee application and the contemporaneously filed motion for entry of judgment and am not seeking to recover those amounts even though Plaintiffs are entitled to them.

A small and discrete amount of my time entries related to defending against claims brought by plaintiffs' employers in proceedings before the Texas Workforce Commission ("TWC") to challenge Mr. Rodriguez' unemployment benefits. In my opinion, those fees were reasonable and necessary to the prosecution of this action. Throughout the entire case, counsel for Defendants in this action maintained that Plaintiffs were terminated for cause and that the facts and circumstances surrounding that termination related to motive in bringing this lawsuit. (Dkt. No. 77, pp. 1-2). As a basis for attempting to admit the TWC findings and related exhibits into evidence, counsel for Defendants likewise argued that the documents were relevant to the independent contractor versus employee classification issue. (Dkt. No. 78, p. 2). Even if under normal circumstances the TWC proceedings would be sufficiently unrelated such that defending them would not be reasonable and necessary to prosecuting this action, Defense counsel's conduct made it necessary as he made clear early in the course of litigation that he would attempt to make the circumstances surrounding termination the basis of his defense.

Lastly, I have personally reviewed all the expense records of Wallace & Allen, L.L.P included in Exhibit C relating to this case and matched them against attorney time records in the case to ensure that the expenses were indeed incurred in the course of work on behalf of the Plaintiffs. I am certain that the records attached accurately reflect legitimate expenditures by the firm in support of the activities of the attorneys who worked on the case. Furthermore, Plaintiffs do not seek recovery of expenses prior to November of 2019. These expenses sought in this application are reasonable and should be approved.

_____
Benjamin W. Allen