Case 4:17-cv-01974   Document 102   Filed on 04/21/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-1974 |
| RENATO VENTURINI, *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Javier Rodriguez and Christopher Ortiz sued Defendants Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation, alleging claims for violation of the Fair Labor Standards Act, breach of contract, and quantum meruit. After a five day jury trial, the jury returned a verdict for Plaintiffs on their quantum meruit claims alone and awarded them a total of $3,216.67.

Plaintiffs now seek judgment as a matter of law on their FLSA claims and entry of judgment (Dkt. 100), and an award of $104,423.87 in attorneys' fees. Dkt. 99. After carefully reviewing Plaintiffs' Motion for Entry of Judgment (Dkt. 100) and Application for Attorneys' Fees (Dkt. 99), all submissions, and the applicable law, both motions are **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiffs' motion for judgment as a matter of law on their FLSA claims is **DENIED**. Their motion for entry of judgment is **GRANTED** only to the extent consistent with denial of their motion for judgment as a matter of law. Accounting for prejudgment interest and credits for amounts Defendants paid Plaintiffs after the litigation started, Plaintiffs' final judgment is for a

total of $1,159.12. *See* Dkt. 100 at 13. Plaintiffs' application for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**. The Court awards Plaintiffs $26,106.00 in attorneys' fees and $346.57 in costs.

I. **Motion for Entry of Judgment**

As part of their motion for entry of judgment, Plaintiffs renew their motion under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on Plaintiffs' FLSA claims.

After a five-day jury trial, a jury found that Ortiz was not an employee of Tavaero, and that, while Rodriguez was an employee of Tavaero, Defendants did not fail to pay him the minimum wage required by the FLSA. Dkt. 94.

Plaintiffs want this Court to find, as a matter of law, that Plaintiffs were employees of Tavaero, that Defendants willfully withheld their paychecks in violation of the FLSA, and that Plaintiffs are therefore entitled to liquidated damages in addition to attorneys' fees. Dkt. 100 at 1.

The Court declines to disturb the jury's factual findings. The question whether Plaintiffs were employees of Defendants was properly submitted to the jury. *See, e.g.*, *Eberline v. Media Net, L.L.C.*, 636 F. App'x 225, 227 (5th Cir. 2016) ("[W]e must decide whether the jury could properly determine, 'as a matter of economic reality,' that Eberline failed to establish that he was an employee. We may reject the jury's verdict only if the facts and inferences weigh so heavily in Eberline's favor 'that a rational jury could not reach a contrary verdict.'"). The jury, having been properly instructed, found that Plaintiffs were not entitled to recover on their claims under the FLSA.

## II. Attorneys' Fees

The Texas Civil Practice and Remedies Code allows the recovery of reasonable attorney's fees if the claim is for "rendered services" or "performed labor," which includes claims for quantum meruit. Tex. Civ. Prac. & Rem. Code § 38.001; *see also Texas Drain Techs., Inc. v. Centennial Contractors Enterprises, Inc.*, Civ. Action H-14-03298, 2017 WL 7688728, at *2 (S.D. Tex. July 18, 2017) (collecting authorities permitting attorneys' fee awards to parties prevailing on quantum meruit claims). A plaintiff is entitled to recover any attorney's fees that are reasonable and necessary for success in the suit. *See Northwinds Abatement v. Emplrs Ins.*, 258 F.3d 345 (5th Cir. 2001).

To determine the reasonable attorneys' fees to award, the district court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). The district court must multiply the reasonable hours by the reasonable hourly rates. *Id.* The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. *Id.*; *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors for court's consideration in determining adjustment).

## III. Analysis

### A. Lodestar

The Court finds that the rates Plaintiffs assert for their attorneys are reasonable. Plaintiffs assert, for the purposes of the lodestar calculation, reasonable billing rates for their attorneys, Benjamin W. Allen and Casey T. Wallace, of $200 per hour, with associate rates of $175 and paralegal rates of $50, $75, and $97.50 per hour. These rates are half of the rates these timekeepers customarily bill for their work, a concession Plaintiffs offer "based upon the modest size of the judgment obtained in this case." Dkt. 99-11 at 3. The Court finds that these rates are reasonable.

For purposes of this application, the Court finds that the number of hours the Plaintiffs submit for work done on this case is also reasonable.

The product of this lodestar calculation is $104,423.87. The Court rejects this calculation, however, and adjusts the award for the reasons stated below.

### B. Adjustment

After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating twelve factors to consider). The requested fees must not be excessive and must bear a reasonable relationship to the amount in controversy or to the complexity of the case. *See Northwinds Abatement v. Emplrs Ins.*, 258 F.3d 345 (5th Cir. 2001). "[T]he most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). If the success is limited, the lodestar should be reduced to reflect that. *See id.*; *see also Prater v. Commerce Equities Mgmt. Co.*, Civ. Action H-07-2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008) (Rosenthal J.).

The Court finds that the amount in controversy, the complexity of the case, and especially the limited success Plaintiffs obtained at trial warrants a significant reduction in the lodestar calculation.

Plaintiffs alleged claims for violations of the FLSA, breach of contract, and quantum meruit. In their motion for partial summary judgment, Plaintiffs asserted that for their FLSA claims, they were entitled to unpaid minimum wage and overtime of $16,673.60 for Rodriguez and $48,869.60 for Ortiz, or $65,543.20 total. In their Complaint, Plaintiffs asserted $50,900 in damages for their breach of contract claim or, in the alternative, their quantum meruit claim.

Plaintiffs prevailed only on their quantum meruit claim, and the jury awarded them a total of $3,216.67. Since Plaintiffs filed this lawsuit, Defendants tendered $2,300 to Plaintiffs, which the jury did not take into account. The judgment in this action, before crediting Defendants for that amount already paid, and including prejudgment interest, is for $3,495: less than 7% of the recovery sought on Plaintiffs' quantum meruit claims.

An attorneys' fees award of over one hundred thousand dollars would not bear a reasonable relationship to the amount in controversy related to the claims on which Plaintiffs actually prevailed, or to the complexity of the quantum meruit claim. The quantum meruit claims, unlike Plaintiffs' FLSA claims, did not require Plaintiffs to establish an employment relationship between Plaintiffs and Defendants. That fact issue subsumed a significant amount of the pretrial motion practice and the presentation at trial. Also, the quantum meruit verdict for each Plaintiff reflects unpaid amounts for services

occurring over the span of about a six-week period, while the Plaintiffs alleged damages for unpaid wages and services spanning seventeen months to three years.

Accordingly, the Court reduces the attorneys' fee award in this case to 25% of the lodestar calculation and awards Plaintiffs $26,106.00. The Court awards Plaintiffs $346.57 in expenses associated with the case.

### IV.  Judgment

For these reasons, the Plaintiffs' Motion for Entry of Judgment is **GRANTED IN PART AND DENIED IN PART** to the extent described above. Dkt. 100. Specifically, the Plaintiffs' motion for judgment as a matter of law is denied. The Court renders judgment for Plaintiff Javier Rodriguez in the amount of $474.26, based on the jury's verdict, and for Sterling Jet Aviation in the amount of $684.86, based on the jury's verdict. These amounts include prejudgment interest.

Plaintiffs' Application for Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART**. Dkt. 99. Plaintiffs are awarded $26,106.00 in attorneys' fees and $346.57 in costs.

The Court will issue a separate final judgment.

SIGNED this 21st day of April, 2020.

George C. Hanks Jr.
United States District Judge