United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-1974 |
| | § | |
| RENATO VENTURINI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiffs Javier Rodriguez, Christopher Ortiz, and Sterling Jet Aviation sued Defendants Renato Venturini, Marcela White, and Tavaero Jet Charter Corporation for failing to pay minimum wage and overtime in violation of the Fair Labor Standard Act, breach of contract, and quantum meruit. This case was tried to a jury for five days, from February 26 to March 3, 2020. Dkts. 85–94. The jury returned a verdict for Plaintiffs on their quantum meruit claims alone and awarded them a total of $3,216.67. On March 11, Plaintiffs moved for attorneys' fees (Dkt. 99) and for entry of judgment in their favor (Dkt. 100). Defendants did not respond to either motion, ask for an extension of time to respond, or submit any other filing. The Court entered a memorandum opinion and order granting in part and denying in part both Plaintiffs' Motion for Entry of Judgment (Dkt. 100) and Plaintiffs' Application for Attorneys' Fees. Dkt. 99. The Court awarded Plaintiffs' $26,106.00 in attorneys' fees and $346.57 in costs.

On the twenty-eighth day after entry of judgment and having otherwise made no opposition in the sixty-nine days since Plaintiffs filed their motions, Defendants now ask the Court to alter its judgment. Dkt. 104. The motion is **DENIED**.

"Arguments raised for the first time in connection with a motion for reconsideration . . . are generally deemed to be waived." *Brown v. Illinois Cent. R. Co.*, 480 F. App'x 753, 754 (5th Cir. 2010) (quoting *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004)). The Court nonetheless additionally finds that Defendants' arguments would not warrant altering the judgment.

*First*, Defendants assert that the judgment should be altered to reduce Rodriguez's award by an amount Tavaero allegedly overpaid Rodriguez. Dkt. 104 at 3. Defendants point to testimony that Tavaero wrote out a check on May 1, 2017, that overpaid Plaintiffs by $1,000.00. Dkt. 104 at 3. The jury heard this testimony and took it into account. When ruling on Plaintiffs' Motion for Entry of Judgment (Dkt. 100), the Court declined to disturb the jury's factual findings, except as necessary to account for the $2,300.00 Defendants paid to Plaintiffs after the litigation began, as agreed on the record at trial. Dkt. 102. The Court once again declines to disturb the jury's factual findings.

*Second*, Defendants argue that Plaintiffs' failure to make a presentment of their quantum meruit claim precludes an award of attorneys' fees under the Texas Civil Practice and Remedies Code, section 38.002. Dkt. 104 at 4–5. Specifically, they argue that Plaintiffs' complaint does not "present" their quantum meruit claim sufficiently to recover attorneys' fees and that Plaintiffs' demand letter does not mention the quantum meruit claim. Plaintiffs respond that they sent a demand letter on July 14, 2017,

presenting Plaintiffs' claims for violations of the FLSA and for outstanding payments for certain services Plaintiffs provided. Dkt. 106 at 2–3 ("Additionally, Tavaero owes the Plaintiffs money for services provided on an independent contractor basis."). The Court finds that this letter was sufficient to award Plaintiffs attorneys' fees for prevailing on their quantum meruit claim. *See, e.g.*, *Gordon v. Leasman*, 365 S.W.3d 109, 116 (Tex. App.—Hou. [1st Dist.] 2011) ("[A]ll that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim."). As to the pleading issue, the Texas state law requirement that parties seeking attorneys' fees plead presentment is a procedural one, and accordingly parties in federal court are "not required to plead presentment in order to qualify for attorney's fees." *Playboy Enterprises, Inc. v. Sanchez-Campuzano*, 561 F. App'x 306, 309 (5th Cir. 2013).

*Third*, Defendants argue that this Court's final judgment (Dkt. 103) should be amended to dismiss with prejudice those claims on which the jury did not find for Plaintiffs. The Court declines to alter its judgment. A court's judgment "is to be interpreted in the light of the court's opinion, findings, and conclusions of law." *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 295 (1943). The Court's judgment in this case incorporated the reasoning in the Court's "simultaneously issued *Memorandum Opinion and Order*," which specified that Plaintiffs raised claims for violations of the FLSA, breach of contract, and quantum meruit, but obtained a favorable verdict only on quantum meruit. Dkt. 102 at 1. The jury's verdict is a part of the public record in this case (Dkt. 94), which includes findings against Plaintiffs as to Plaintiffs'

FLSA claims and breach of contract claims. The Court's *Memorandum Opinion and Order* specifically declined to disturb the jury's findings.

Accordingly, Defendants' motion is **DENIED**.

SIGNED at Houston, Texas, this 26th day of May, 2020.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE